# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| UNITED STATES OF AMERICA | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) CRIMINAL NO. 07-30178-WDS |
| HERMAN MOORE, | ) |
| Defendant. | ) |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is defendant's motion to dismiss for improper venue (Doc. 476) and a motion to dismiss pursuant to Fed. R. Crim. P. 12 (Doc. 477).

**1.    Motion to Dismiss for Improper Venue.**

The defendant asserts in the improper venue motion that none of the alleged illegal activities of the defendant took place in this District, and therefore, venue is improper and the case should be dismissed.

Pursuant to Fed. R. Crim. P. Rule 18 prosecution is appropriate "in a district in which the offense was committed." (*See also* Article III, Section 2 of the Constitution and Const. amend. VI.) An offense may be begun in one district and completed in another or may be committed in more than one district, and accordingly may be prosecuted in any of such districts. 18 U.S.C. § 3237. *See, United States v. Chappell,* 854 F.2d 190, 192 (7th Cir. 1988). Proper venue is not limited to districts where the defendant was physically present when he committed the unlawful acts that comprise the crimes charged. So long as he did something in furtherance of the conspiracy that was intended to have an effect in the district where the case is finally brought, venue in that district is proper. *See, e.g., United States v. Lewis,* 676 F.2d 508, 511 (11th Cir.

1982) (phone call from defendant in Florida to Texas sufficient to establish venue in Texas); *United States v. Schmucker-Bula,* 609 F.2d 399, 402 (7th Cir. 1980); *United States v. Spiro,* 385 F.2d 210, 212 (7th Cir. 1967).

Some criminal statutes specify where a crime should be deemed to have occurred, but if the statute does not specify, the general venue statute, 18 U.S.C. § 3237(a), applies. *See United States v. Ringer,* 300 F.3d 788, 791 (7th Cir. 2002). When Congress has not specifically defined where a crime should be determined to have occurred, the *"locus delicti* must be determined from the nature of the crime alleged and the location of the act or acts constituting it." *United State v. Anderson,* 328 U.S. 699, 703 (1946). "To determine venue, we examine the key verbs in the statute defining the criminal offense to find the scope of the relevant conduct." *United States v. Tingle,* 183 F.3d 719, 726 (7th Cir. 1999). If the crime consists of distinct parts which occurred in different places, or involved "a continuously moving act," venue is proper where any part of the crime occurred. *Travis v. United States,* 364 U.S. 631, 636 (1961).

Here, the defendant, along with his co-defendants, is charged in the Fourth Superseding Indictment, which alleges that from on or about January 2003 until November 2007, the defendant with others, conspired and agreed with each other and with previously indicted co-conspirators and others both known and unknown to the grand jury to knowingly and intentionally distribute and possess with intent to distribute, a mixture or substance containing cocaine base, in the form commonly known as "crack," and cocaine hydrochloride, both Schedule II controlled substances, in violation of 21 U.S.C. 21 §§ 843(a)(1), 841(b)(1)(A) and 846. The conspiracy is charged as having occurred in the Southern District of Illinois, the Eastern District of Missouri and elsewhere.

The venue in this District, is, therefore, proper and the motion to dismiss for improper venue is **DENIED** on all grounds raised.

2. **Motion to Dismiss for Duplicity**

The defendant also seeks to dismiss the indictment pursuant to Fed. R. Crim. P. 12 for combining two offenses into a single count. It is well settled in this circuit that, "Duplicity is the joining of two or more offenses in a single count." *United States v. Hughes,* 310 F.3d 557, 560 (7th Cir. 2002) (quoting *United States v. Marshall,* 75 F.3d 1097, 1111 (7th Cir. 1996)).

"The overall vice of duplicity is that the jury cannot in a general verdict render its finding on each offense, making it difficult to determine whether a conviction rests on only one of the offenses or both." *United States v. Buchmeier,* 255 F.3d 415, 425 (7th Cir. 2001) (quoting *Marshall,* 75 F.3d at 1111; *United States v. Blandford,* 33 F.3d 685, 699 n. 17 (6th Cir. 1994)). "Additionally, ... a duplicitous indictment may expose a defendant to other adverse effects including improper notice of the charges against him, prejudice in shaping of evidentiary rulings, in sentencing, in limiting review on appeal, [and] in exposure to double jeopardy." *Buchmeier,* 255 F.3d at 425.

The defendant's motion is cryptic, at best, but he seems to be attempting to assert that the combination of 21 U.S.C. § 841(a)(1) (a substantive charge) and § 846 (a conspiracy charge) into a single count of an indictment creates a duplicity problem. In *United States v. Cox*, 536 F.3d 723 (7th Cir. 2008) the Seventh Circuit stated, "The purpose of the rule allowing conjunctive wording in an indictment that charges an offense under a statute worded in the disjunctive is to "adequately apprise the defendant of the government's intention to charge him under [any] prong of the statute." *Id.* at 727 (quoting *United States v. LeDonne,* 21 F.3d 1418, 1427 (7th Cir. 1994)).

3

An indictment that did not follow this rule and alleged several acts in the disjunctive would fail to give the defendant notice of the acts he is charged with committing. *See generally* 1 Charles A. Wright, *Federal Practice and Procedure* § 125 (3d ed.1999) (citing *United States v. Donovan,* 339 F.2d 404, 407-08 (7th Cir. 1964).

Here, the indictment charges the defendant with conspiracy (the § 846 charge) to distribute and possess with intent to distribute cocaine base (the §841 offense). In this form, the indictment advises the defendant that the conspiracy he is charged with involves the offense of distribution and possession with intent to distribute controlled substances. There is nothing duplicitous about this indictment. It is designed to inform the defendant of the nature of the charged offenses, including the actions that underlie the conspiracy charge. Therefore, the defendant's motion is without merit and is **DENIED** on all grounds raised.

**IT IS SO ORDERED.**

**DATE: April 15, 2009.**

                                       **s/ WILLIAM D. STIEHL**
                                           **DISTRICT JUDGE**